**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| RICHARD FERNBACH, | : | Case No. 1:22-cv-646 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| HAMILTON COUNTY SHERIFF | : | |
| OF OHIO, *et al.*, | : | |
| | : | |
| Respondents. | : | |

---

**REPORT AND RECOMMENDATION**

---

Petitioner, a pre-trial detainee at the Hamilton County Justice Center, has filed a petition

for a writ of habeas corpus.  (Doc. 1).  For the reasons stated below, the petition should be

dismissed without prejudice.[1]

Petitioner brings the petition in connection with his ongoing criminal matter in Hamilton

County Court of Common Pleas Case No. B2106472.[2]  He alleges that the respondents have

"absolutely no jurisdiction" over him and challenges the amount of his bond and his

representation by appointed counsel.  (Doc. 1, at PageID 2, 6-7).  In a motion for default

---

[1]Although petitioner does not indicate under what statute he brings his habeas corpus petition, the Court understands it to be brought under 28 U.S.C. § 2241 as he is a pretrial detainee.  *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).  Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and  "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See* 28 U.S.C. foll. § 2254.  Rule 4 applies to both 28 U.S.C. § 2254 petitions and to 28 U.S.C. § 2241 petitions and, thus, it does not matter for Rule 4 purposes how the petition is characterized.  *See, e.g., Smith v. Harper*, No. CV 22-235, 2022 WL 4097652, at *1 (W.D. Pa. July 19, 2022), *report and recommendation adopted,* No. CV 2:22-235, 2022 WL 4094425 (W.D. Pa. Sept. 6, 2022).

[2]A search of the Hamilton County Clerk of Court's website reveals that petitioner has a criminal matter pending in Case No. B2106472.  (Viewed at: https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+2106472&submit.x=22&submit.y =10.)  This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

judgment and a separate "Addendum to Default Judgment and Affidavit," petitioner also alleges, respectively, a state-law malicious prosecution claim and that he was threatened with being tased at a hearing if he "did not keep his mouth shut." (Doc. 8, at PageID 48; Doc. 9, at PageID 66).

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).

However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489; *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d

2

1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings. Moreover, to the extent that petitioner seeks to bring a civil rights claim for threats, such a claim may not be properly asserted in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973). Instead, such a claim may be asserted in a separate action under 42 U.S.C. § 1983.[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED without prejudice** to refiling after petitioner has exhausted all available state court remedies.

2. In light of the above recommendation, petitioner's motion for default judgment (Doc. 8) be **DENIED as moot.**

3. A certificate of appealability should not issue because, for the foregoing reasons,

---

[3]Generally, the Court would make no assessment as to the validity of any such claim. Here, however, petitioner has filed a separate civil rights action in this Court, in Case No. 1:22-cv-644, in which he raises the same claims as raised in this habeas action. In a separate Report and Recommendation entered this date, the Court has recommended that Case No. 1:22-cv-644 be dismissed for the reasons that petitioner/plaintiff has failed to state a plausible federal claim, the defendants are either immune or are not state actors against whom a 42 U.S.C. § 1983 claim can be raised, or petitioner/plaintiff cannot raise claims relating to his ongoing criminal prosecution in that civil action.

3

petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 9, 2023                                         *s/Stephanie K. Bowman*
                                                          STEPHANIE K. BOWMAN
                                                          United States Magistrate Judge

4